## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
**June 27, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**BRENFORD HUDSON,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0322** (BOR Appeal No. 2047504)
(Claim No. 2010134069)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brenford Hudson, by Samuel F. Hanna, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Spartan Mining Company, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 27, 2013, in which the Board affirmed a July 10, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 27, 2011, decision granting a 0% permanent partial disability award. The Office of Judges granted Mr. Hudson a 3% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hudson was an employee for Spartan Mining Company on May 12, 2010, when a piece of mining equipment ran over his hip and left lower extremity. The claims administrator used a report from Paul Bachwitt, M.D., to deny Mr. Hudson a permanent partial disability award. Mr. Hudson protested this decision.

1

The Office of Judges reviewed separate reports from Dr. Bachwitt, Bruce Guberman, M.D., and Prasadarao B. Mukkamala, M.D. The Office of Judges concluded Mr. Hudson has 2% impairment based upon range of motion deficits of the hip, which was consistent with Dr. Mukkamala's and Dr. Guberman's reports. The Office of Judges also concluded that Mr. Hudson was entitled to 1% whole person impairment for the scarring on his hip. Dr. Guberman found 1% whole person impairment and Drs. Mukkamala and Bachwitt arrived at a 0% impairment rating. The Office of Judges found that Dr. Bachwitt's report was not credible because he failed to reference any type of scarring in his report. The Office of Judges then used the evidentiary standard in West Virginia Code § 23-4-1g (2003) to arrive at the conclusion that 1% impairment for scarring was warranted. In regard to the pelvic classification, Dr. Guberman found 15% whole person impairment while Drs. Mukkamala and Bachwitt found 0% impairment. The Office of Judges concluded that Drs. Mukkamala and Bachwitt's reports were persuasive and used the 0% impairment rating for Mr. Hudson's pelvic fractures. The Office of Judges then combined the 2% range of motion impairment found by Drs. Guberman and Mukkamala and the 1% impairment based upon scarring to arrive at 3% whole person impairment. Accordingly, the Office of Judges reversed the claims administrator's decision to award 0% permanent partial disability and awarded 3% permanent partial disability. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

The Office of Judges was justified in relying on Drs. Guberman and Mukkamala for the 2% impairment because they both had the necessary information at hand and agreed Mr. Hudson was 2% disabled as a result of the range of motion deficits in his hip. The Office of Judges was not in error to award 1% permanent partial disability based on scarring. Dr. Bachwitt's report was found to be unreliable in this regard because his report did not reference scarring. The Office of Judges concluded pursuant to the evidentiary standard in West Virginia Code § 23-4-1g, that Dr. Guberman's recommendation should be used. Since Dr. Guberman's report was the most consistent with Mr. Hudson's position, it was not in error for the Office of Judges to award 1% permanent partial disability based upon Dr. Guberman's report. Finally, it was not in error for the Office of Judges to conclude that Dr. Guberman's pelvic classification finding of 15% impairment could not be used because his report lacked any specific discussion on how Mr. Hudson's symptoms correlate to his placement on the pelvic classification scale. The consistent reports of Drs. Bachwitt and Mukkamala show that Mr. Hudson should have no impairment based upon his pelvic fractures.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

Justice Brent D. Benjamin, disqualified